IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| AGALAR ALIEV, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:25-cv-01248 (RDA/WBP) |
| | ) |
| TRANS UNION, LLC, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Agalar Aliev filed a Motion to Compel the Court to order Defendant Trans Union, LLC to produce documents responsive to several of Plaintiff's Requests for Production of Documents. ("Motion"; ECF No. 16.) The Court resolved the Motion by Order (ECF No. 24), except for Plaintiff's request that the Court overrule certain privilege designations Trans Union identified on its privilege log ("Privilege Log"). The Court resolves that issue here and, for the reasons described below, SUSTAINS in part and OVERRULES in part Trans Union's privilege designations described in the Privilege Log.

I.

In this Fair Credit Reporting Act case, in response to Plaintiff's request to produce documents, Trans Union redacted several documents, in whole or in part, and produced a privilege log with 20[1] entries for documents across a Bates range from TU 00001 to TU 00236. Nineteen of the 20 documents are described as "[d]ocument exported from Trans Union's Customer Service Relations System [or "exported from CRS"] titled [name of document]

---

[1] The Privilege Log spans entries from 1 to 22, but no entries exist for numbers 2 or 5.

depicting actions taken with respect to file at the direction of counsel." (Defendant's Privilege Log Entry Nos. 3–22.) The one other document is described as a "[d]ocument exported from Trans Union's Customer Service Relation System depicting actions taken with respect to the file." (Defendant's Privilege Log Entry No. 1.) The assertions of privilege state that the protected material either reflects (1) "actions taken in anticipation of litigation at the direction of counsel pursuant to the attorney work-product doctrine," or (2) "information compiled at the direction of counsel for anticipated litigation-related analysis."

During oral argument on Plaintiff's Motion on January 23, 2026, Trans Union provided unredacted versions of the documents for the Court's *in camera* review, and the Court asked Trans Union's counsel for a proffer to support the privilege designations.

Trans Union describes Privilege Log Entry No. 1 (TU 00001–TU 00002) as a summary of activities that Trans Union took with respect to Plaintiff's credit file ("Summary Report"). Trans Union redacted information from the Summary Report beginning in March 2024 on the ground that the redacted information identifies documents internal counsel asked internal-litigation-support personnel to collect from Plaintiff's Trans Union dispute file for the purpose of expected litigation.

For Privilege Log Entry Nos. 3 and 4 (TU 00003–TU 00005), Trans Union asserts attorney-client privilege and work product as the basis for protecting four "comments" to the Summary Report on the ground that they reflect action internal counsel and internal-litigation-support personnel took on March 27, 2024, April 2, 2024, and August 11, 2025 ("Comments").

For Privilege Log Entries Nos. 6–16 (TU 00007–000164), Trans Union redacted only the "reason code" or "reason statement" explaining why it printed documents from Plaintiff's credit file ("Reason Codes"). Trans Union asserts that internal counsel directed internal-litigation-

2

support personnel to print the at-issue documents for the reason stated in the "reason statement" and claims that this reason amounts to work product prepared in anticipation of litigation.

For Privilege Log Entries Nos. 17–22 (TU 00165–000236), Trans Union redacted the entire document. While Trans Union provided no justification for these privilege designations during the hearing on Plaintiff's motion to compel, the redactions appear to the Court to reflect action Trans Union took (including requests to print documents) with respect to Plaintiff's credit file on or after March 27, 2024 ("Remaining Documents").

At the hearing on Plaintiff's motion to compel, counsel for Trans Union relied on *In re Allen*, 106 F.3d 582 (4th Cir. 1997), to support its redactions to the Summary Report, the Comments, the Reason Codes, and the Remaining Documents. Trans Union argued that *In re Allen* supports the argument that "the collection of information chosen by counsel in order to review a response to a legal document in anticipation for this lawsuit" amounts to work product prepared in anticipation of litigation. (FTR Recording of oral argument at 10:02–10:03.)

## II.

In *In re Allen*, primarily a qualified immunity case involving the Attorney General of West Virginia, the Fourth Circuit also addressed whether work product protection applied to the selection and arrangement of otherwise non-privileged records by Barbara Allen, the Attorney General's outside counsel. 106 F.3d at 598. The Attorney General retained Ms. Allen to investigate and prepare a report about possible document mismanagement and confidentiality breaches in the Attorney General's office. *Id*. During related litigation, the district court held Ms. Allen in contempt for refusing to produce selected employment records about a specific employee that Ms. Allen had asked support personnel to gather. *Id*. at 599. Ms. Allen maintained work product protection over these materials because she had selected the specific documents

she wanted to review and had arranged these records in a manner useful for her to review in anticipation of litigation. *Id.* at 608.

The Fourth Circuit agreed with Ms. Allen, finding that she had chosen and arranged specific records from a larger universe of documents in anticipation of litigation, and that it was "[t]his choice and arrangement [that] constitutes opinion work product because Allen's selection and compilation of these particular documents reveals her thought process and theories regarding this litigation." *Id*.

Important to the Fourth Circuit, as reflected from the cases it cited and the parentheticals it included, was that Ms. Allen had selected specific documents from a larger universe of material and that producing the specific documents that she had selected would reveal her thought process and theories about the litigation. *Id.* (citing *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1329 (8th Cir. 1986) ("In cases that involve reams of documents and extensive document discovery, the selection and compilation of documents is often more crucial than legal research . . . . We believe [counsel's] selective review of [her clients'] numerous documents was based on her professional judgment of the issues and defenses involved in this case."); *Sporck v. Peil*, 759 F.2d. 312, 316 (3d Cir. 1985) ("We believe that the selection and compilation of documents by counsel in this case in preparation for pretrial discovery falls within the highly-protected category of opinion work product."), *cert. denied*, 474 U.S. 903 (1985); *James Julian, Inc. v. Raytheon Co.*, 93 F.R.D. 138, 144 (D. Del. 1982) ("In selecting and ordering a few documents out of thousands counsel could not help but reveal important aspects of his understanding of the case.").

The Fourth Circuit made clear, however, that the universe of documents, including the documents Ms. Allen had selected, were not protected from disclosure. *Id.* ("We emphasize that

this conclusion does *not* protect [the employee's] personnel records from disclosure, just Allen's selection and arrangement of them." (emphasis in original)). Ms. Allen was not required to produce as a separate category of documents the specific ones that she had selected and arranged.

### III.

Trans Union argues that *In re Allen* supports its work product claim for the redactions made to the Summary Report, the Comments, the Reason Codes, and the Remaining Documents.

Addressing the Summary Report (TU 00001–TU 00002), Trans Union argues that the redacted information identifies documents internal counsel asked support personnel to collect from Plaintiff's Trans Union dispute file for the purpose of expected litigation. The Court overrules the privilege designations on the Summary Report for two reasons. First, Trans Union redacts more than what internal counsel asked support personnel to print. Activity Numbers 020, 021, 022, 051, 052, and 053 all appear to be new documents, like those identified on Activity Numbers 002–009, 011–017, and 019. (TU 00001–00002.) Second, unlike *In re Allen*, the redactions to the Summary Report make clear that Trans Union's counsel did not request that support personnel print only selected documents from a larger universe, which may have revealed counsel's thought process about the case. Instead, the Summary Report reflects that counsel asked support personnel to print Plaintiff's entire credit file. (Summary Report Activity Nos. 023–045 shows that support personnel printed documents 2–16 and Activity Nos. 046–53 shows that support personnel printed documents 20–22 and the entire audit trail.) Because Trans Union's redactions to the Summary Report do not protect opinion work product, the Court overrules them.

Addressing the Comments (TU 00003–TU 00005), Trans Union argues that the redacted material reflects action internal counsel and litigation support personnel took on March 27, 2024,

5

April 2, 2024, and August 11, 2025. While not entirely clear from the face of the documents, the redactions in the red boxes on March 27, 2024, and August 11, 2025, on page TU 00003, and on April 2, 2024, and August 11, 2025, on page TU 00005 may relate to attorney-client communications, and the Court sustains them. Trans Union has provided no rationale for redacting the material on page TU 00004, which contains a summary report or audit trail. The Court overrules the privilege designation for page TU 00004.

Addressing the Reason Codes (TU 00007–000164), Trans Union asserts that internal counsel directed internal support personnel to print the at-issue documents for the reason stated in the "reason statement" and claims that this reason amounts to work product prepared in anticipation of litigation. The Court disagrees. As an initial matter, these documents do not identify the material printed and the Court otherwise cannot decipher from the face of the documents how these documents relate to the litigation. Further, the redacted information contains no opinions of counsel about why he directed support personnel to print Plaintiff's credit file. Instead, the reason relates to an external act: either the service of a subpoena or a lawsuit, facts that are not privileged. The Court overrules the redactions to the Reason Codes.

Addressing the Remaining Documents (TU 00165–000236), Trans Union has provided no justification for these privilege designations, and they appear to be similar to the unredacted portion of the documents the Court defined as Comments but for documents Trans Union prepared on or after March 27, 2024. The Court overrules the redactions to the Remaining Documents.

## IV.

For the reasons described above, with respect to the assertions of privilege on Defendant's Privilege Log, the Court ORDERS as follows:

    1.    The Court GRANTS in part and DENIES in part Plaintiff's Motion. (ECF No. 16.)

    2.    The Court OVERRULES Defendant's privilege designations to the redactions on pages TU 00001–00002, 00004, and TU 00007–TU 00236.

    3.    The Court SUSTAINS Defendant's privilege designations to the redactions on pages TU 00003 and 00005.

    4.    Defendant must produce unredacted versions of pages TU 00001–00002, 00004, and TU 00007–TU 00236 by 5:00 p.m. on January 30, 2026.

    Entered this 26th day of January 2026.

                                                                                                   _____

Alexandria, Virginia                                          William B. Porter
                                                                  United States Magistrate Judge